UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOMINIQUE RASHARD ROUNTREE,<br><br>Petitioner,<br><br>v.<br><br>RANDEE REWERTS,<br><br>Respondent, | Case No. 24-cv-11277<br><br>Honorable Robert J. White |

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND GRANTING A CERTIFICATE OF APPEALABILITY**

Before the Court is Petitioner Dominique Rashard Rountree's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he filed *pro se*. (ECF No. 1). Petitioner subsequently retained Tameka LaShawn Tucker as counsel. (ECF No. 8). Petitioner is incarcerated at the Carson City Correctional Facility in Carson City, Michigan. Petitioner challenges his convictions for first-degree home invasion, Mich. Comp. Laws § 750.110a(2), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, felon in possession of ammunition, Mich. Comp. Laws § 750.224f, three counts of possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b, and being a second habitual

offender, Mich. Comp. Laws § 769.10. (ECF No. 1). For the following reasons, the Court dismisses the habeas petition without prejudice.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Washtenaw County Circuit Court. The trial court sentenced Petitioner as a second-offense habitual offender to serve concurrent prison terms of 10 to 30 years for his home-invasion conviction and 40 months to 7 years and 6 months each for his felon in possession convictions. Petitioner was also sentenced to serve 2 years imprisonment for each his felony-firearm convictions, with those sentences to run concurrent to each other but consecutive to the other sentences. (ECF No. 1, PageID.1; ECF No 6, PageID.243; ECF No. 7-1, PageID.259-60).

The Michigan Court of Appeals affirmed Petitioner's convictions, but it reversed his sentences on the home invasion and the two felon in possession charges because of the trial judge's mistaken belief that she was required—where Petitioner was convicted as a habitual offender—to increase the maximum sentences on these charges from the normal maximum penalties. *People v. Rountree*, No. 354035, 2023 WL 5313035 (Mich. Ct. App. Aug. 17, 2023), *lv. den.* 3 N.W.3d 793 (Mich. 2024).

The case was remanded to the trial court for resentencing on those counts. *Id.*, at *12, 16.[1]

Petitioner filed his *pro se* petition for writ of habeas corpus with this Court on May 6, 2024.[2] (ECF No. 1). On November 14, 2024, Respondent filed a motion to dismiss the petition on the ground that this Court lacked jurisdiction over the habeas petition because Petitioner was no longer in custody on his original judgment where the Michigan Court of Appeals had vacated Petitioner's sentences and ordered a re-sentencing—which had not yet taken place at the time that the petition was filed. (*See* ECF No. 6.) Petitioner, through counsel, has filed two responses to the motion to dismiss. (*See* ECF Nos. 9, 10.)

## II. Analysis

Respondent moves for the Court to dismiss Petitioner's habeas petition because the Court lacks jurisdiction, in that Petitioner had not been resentenced at the time he filed his petition and thus, his state judgment had not yet become final.

---

[1] **Error! Main Document Only.**Under Mich. Comp. Laws § 769.10(1)(a), if a defendant has previously been convicted of a felony in Michigan, a judge may sentence the defendant to imprisonment for a maximum term that is not more than 1-1/2 times the longest term prescribed for a first conviction of that offense or for a lesser term. Without the habitual offender supplement, first-degree home invasion is punishable by up to twenty years in prison and felon in possession of a firearm or ammunition is punishable by up to five years in prison.

[2] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on May 6, 2024, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

3

As an initial matter, Petitioner in his first response to the motion to dismiss argues that Respondent's motion is improper because it violated the Court's responsive pleading order of May 16, 2024—specifically, that Respondent was to file an answer in conformity with Rule 5 of the Rules Governing Section 2254 Cases by November 15, 2024. Petitioner notes that Rule 5 explicitly requires that "[t]he answer must address the allegations in the petition." Petitioner argues that Respondent has forfeited the opportunity to respond to the merits of Petitioner's habeas claims by failing to file an answer addressing the merits of the petition within the time frame required by the responsive pleading order. (ECF No. 9, PageID.2323).

The Rules Governing Section 2254 Cases in the United States District Courts give a district court in habeas cases "ample discretionary authority to tailor the proceedings to dispose quickly, efficiently, and fairly of first habeas petitions that lack substantial merit, while preserving more extensive proceedings for those petitions raising serious questions." *Lonchar v. Thomas*, 517 U.S. 314, 325 (1996). Rule 4 of the Rules Governing Section 2254 indicates that if a district court on initial screening decides that a § 2254 petition is not plainly meritless, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Although Rule 4 when initially drafted spoke in terms of "an answer or other pleading," in 2004, the word "motion" was

4

added to Rule 4, and "response" was substituted for "pleading," in order "to reflect the view of some commentators that it is common practice in some districts for the government to file a pre-answer motion to dismiss." *Fontenot v. Crow*, 4 F.4th 982, 1057 (10th Cir. 2021) (quoting Rules Governing § 2254 Cases, Rule 4, advisory committee's note to 2004 adoption).[3]  The Committee Notes also indicate that the discretion judges have to order a motion

> is designed to afford the judge flexibility in a case where either dismissal or an order to answer may be inappropriate.  For example, the judge may want to authorize the respondent to make a motion to dismiss . . . on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.

*Fontenant,* 4 F.4th at 1057 (quoting Rules Governing § 2254 Cases, Rule 4, advisory committee's note to 1976 adoption).

Rule 5 of the Rules Governing Section 2254 Cases addresses the nature of the answer that must be filed in a habeas case. As an initial matter, the state "is not required to answer the petition unless a judge so orders." *Fontenot v. Crow*, 4 F.4th at 1058 (quoting under Rule 5(a)).  It is true that if a federal judge orders an answer to the petition, "[t]he answer must address the allegations in the petition.  In addition, it must state whether any claim in the petition is barred by a failure to exhaust state

---

[3] The Tenth Circuit erroneously cited to the 1976 advisory committee notes, but this quote appears to be from the 2004 advisory committee notes.

5

remedies, a procedural bar, non-retroactivity, or a statute of limitations." *Id.* (quoting Rule 5(b)). Nonetheless, the Rule 5 Committee Notes also

> "address the practice in some districts" of having "the respondent file a pre-answer motion to dismiss the petition," and point out that "revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion."

*Fontenot*, 4 F.4th at 1058 (cleaned up; quoting Rules Governing § 2254 Cases, Rule 5, advisory committee's note to 2004 amendments).

A motion to dismiss a habeas petition is thus appropriate if a federal district court, in its discretion, permits the respondent to file such a motion, either before or after the filing of an answer. *See Ukawabutu v. Morton*, 997 F.Supp. 605, 608 (D.N.J. 1998). Although a motion to dismiss is not considered an "answer or other pleading" under Fed. R. Civ. P. 7(a), a "district court certainly has discretion to order or permit respondents, upon request, to file a motion to dismiss as one of the 'other actions' which the court may allow, including the discretion to permit the filing of a motion to dismiss before a respondent files an answer." *Id.*; *see also White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir.1989) (motion to dismiss petition for writ of habeas corpus on ground of state procedural default was a proper motion under rules governing such actions); *Jackson v. Straub*, 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004) (reasonable for respondent to file motion for summary judgment on statute of limitations grounds, rather than answer merits of petition, when law in effect at time

that respondent filed motion held that the habeas petition was time-barred); *Ebert v. Clarke*, 320 F.Supp.2d 902, 911, n. 16 (D. Neb. 2004) (a motion for summary judgment is appropriate in habeas proceedings). As will be explained below, this Court lacks jurisdiction over the current petition because it was filed before Petitioner had been resentenced by the trial court; the Court therefore allows Respondent to file a motion to dismiss in lieu of an answer to the merits of the petition.

Under 28 U.S.C. § 2254(a), a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The habeas statute mandates that the person be "in custody pursuant to the judgment of a State court." The Supreme Court has held that "'[f]inal judgment in a criminal case means sentence. The sentence is the judgment.'" *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). Moreover, "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004).

Here, when the habeas petition was filed, Petitioner had yet to be resentenced on his home invasion and felon in possession charges. Respondent argues that this

deprives this Court of jurisdiction to entertain the petition because Petitioner was not in custody pursuant to a state court judgment at the time.

In support of her argument, Respondent cites to the Sixth Circuit case of *Davis v. Warren*, No. 18-1768, 2019 WL 3035577 (6th Cir. Feb. 19, 2019). In that case, the petitioner had been convicted of several offenses, including second-degree murder, and was sentenced as a third-offense habitual offender. The Michigan Court of Appeals affirmed the petitioner's convictions but remanded the matter for resentencing. *Id.* at *1. After the resentencing, the petitioner again appealed, arguing that counsel provided ineffective assistance at his resentencing hearing. *Id.* Although rejecting the ineffective assistance of counsel claim, the Michigan Court of Appeals concluded that it was necessary to reverse the trial court's amended sentencing judgment and remanded the case to the trial court to enter a judgment reinstating the original sentence. *Id.*

The petitioner in *Davis* filed his petition with the United States District Court for the Eastern District of Michigan while his second appeal was pending in the Michigan Court of Appeals. *Davis v. Warren*, 2019 WL 3035577 at *1. The district court denied habeas relief but granted a certificate of appealability. *Id.*

On appeal, the Sixth Circuit noted that "[a]lthough neither party nor the district court questioned the district court's subject-matter jurisdiction over this case, we are obligated to raise the issue *sua sponte* when it appears from the record that

8

jurisdiction is lacking." *Id.* at \*2. The Sixth Circuit held that the district court lacked jurisdiction to adjudicate the 2254 petition because the petitioner had filed it while his second appeal was still pending and before the trial court reimposed a sentence on remand; accordingly, "his state judgment had not become final, and his habeas petition was therefore not ripe for review." *Id.* Although the Sixth Circuit noted that the jurisdictional defect "may have since been cured" because of the remand for resentencing on July 24, 2018—prior to the Sixth Circuit's decision—that did not change the Sixth Circuit's conclusion that the federal district court lacked jurisdiction over the petition: "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Id.* (quoting *Grupo Dataflux*, 541 U.S. at 570). The Sixth Circuit vacated the district court's judgment and remanded the case with instructions that the district court dismiss the § 2254 petition without prejudice. *Id.*

Other circuits have held that a federal court lacks jurisdiction over a habeas petition where the petitioner awaits resentencing in the state court, the rationale being that there is no final judgment. *Ben-Yisrayl v. Davis*, 114 F. App'x 760, 761 (7th Cir. 2004); *Maharaj v. Sec'y for Dep't. of Corrs.*, 304 F.3d 1345, 1349 (11th Cir. 2002) (affirming the district court's dismissal with prejudice of a habeas petition where petitioner still awaited re-sentencing at the time he filed his habeas petition).

Petitioner's counsel argues in her initial response to the motion to dismiss that Petitioner's case is distinguishable from *Davis* because the Michigan Court of Appeals did not entirely vacate all of Petitioner's sentences. (ECF No. 9, PageID.2327-38.) The Court cannot accept this argument.

Several courts have concluded that they lacked jurisdiction over a habeas petitioner's case when resentencing had not taken place, even where the petitioner was only to be resentenced on some of the counts, and even where the resentencing did not involve any change in the petitioner's actual prison sentence.

In *Maharaj,* the Eleventh Circuit held that the district court lacked jurisdiction over a habeas petition where the petitioner was awaiting resentencing on a capital murder count; the death sentence had been vacated, but the petitioner's other four non-capital convictions from the same criminal transaction had become final. *Maharaj*, 304 F.3d at 1348-49.

In *Cabrera v. Hoffman*, No. 24-229, 2024 WL 4588948, at *1 (W.D. Mich. Oct. 28, 2024), the petitioner had been convicted of first-degree murder, committing a felony that was motivated by membership or association with a gang (gang-motivated felony), and felony-firearm. The petitioner was initially sentenced to life imprisonment for the murder conviction, as well as 2 years for felony-firearm and a minimum of 7 years, 11 months, to a maximum of 20 years for the gang-motivated felony. The Michigan Supreme Court vacated the petitioner's sentence of life

10

without parole for the first-degree murder conviction, finding it to be cruel and unusual, and vacated the matter to the trial court for resentencing on the murder conviction. *Id*. at * 2. The judge in *Cabrera* concluded that he lacked jurisdiction to adjudicate the petitioner's habeas case while he was awaiting resentencing. Although the Michigan Supreme Court had only vacated the petitioner's life sentence for the murder conviction, leaving the other sentences intact, "the determination that Petitioner's life sentence was unconstitutional under the Michigan Constitution essentially vacated Petitioner's entire judgment of sentence. Petitioner is still pending resentencing in the trial court." *Id.* at *4.

In *Sandusky v. Hainsworth*, No. 22-500, 2022 WL 1275643, at *2-3 (M.D. Pa. Apr. 28, 2022), the district court concluded that it lacked jurisdiction to entertain a habeas petition where the petitioner was awaiting resentencing in the state courts on the issue of restitution, even though his prison sentence of thirty to sixty years had not been disturbed by the state appellate courts. In so ruling, the court rejected the petitioner's argument that the resentencing on the issue of restitution involved "merely a ministerial remand that will not result in any meaningful change in [his] conviction or sentence from state court." *Id.* at *2.

Here, Petitioner's counsel further argues that the Court should not follow *Davis* for the reasons stated by the district court in *Douglas v. Carl*, No. 19-10261,

11

2024 WL 1142362, at *4 (E.D. Mich. Mar. 15, 2024), where the judge declined to follow the holding in *Davis:*

> The Court respectfully declines to follow *Davis* for several reasons. First, as an unpublished order, *Davis* is not binding on the Court. *See Meadows v. City of Walker, Mich.*, 46 F.4th 416, 424 (6th Cir. 2022), *reh'g en banc denied*, 2022 WL 10219851 (6th Cir., Sept. 26, 2022). Second, the panel in *Davis* did not have the benefit of full adversarial proceedings in connection with the jurisdictional question. The petitioner was proceeding *pro se*, and neither party raised nor briefed the jurisdictional issue. *See Davis*, 2019 WL 3035577, at *2. Third, the panel in *Davis* seems to have imported the finality provision of the Limitations Statute into Section 2254(a), *see id.*, and for the reasons explained above, the Court respectfully disagrees with that reading of Section 2254(a). Finally, the conclusion reached by the panel in *Davis* seems to be at odds with the controlling authority cited by the panel. The panel in *Davis* recognized that a "final judgment in a criminal case" occurs upon "'conviction and the imposition of sentence,'" *id.* (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984)), but the panel nonetheless held that the judgment in that case was not final even though the petitioner had been convicted and sentenced. *See id.*
>
> The Court notes that while a handful of district courts have followed *Davis* in unpublished decisions, the Sixth Circuit has never cited, much less followed, *Davis*. The unpublished order in *Davis* does not persuade the Court that it lacks subject-matter jurisdiction over Douglas's Petition.

*Id.* at *4.

While the Court recognizes the reasoning in *Douglas*, the Court nonetheless feels constrained to follow the Sixth Circuit's decision in *Davis*. First, at least two other federal circuits have concluded that a federal court does not have jurisdiction over a habeas petition where the petitioner is awaiting resentencing in state court.

Second, the Court did not raise the jurisdictional issue *sua sponte.* Instead, the issue was raised by Respondent in the motion to dismiss. Although Petitioner's initial petition was filed *pro se,* he has since hired counsel who was able to file two different responses to the motion to dismiss. Unlike the situation in *Davis,* the jurisdictional issue has been thoroughly briefed here. Finally, as the court in *Douglas* admits, other courts have followed the holding in *Davis. See Cabrera v. Hoffman,* No. 24-229, 2024 WL 4588948, at *3-4 (W.D. Mich. Oct. 28, 2024); *Vary v. Bauman*, No. 23-84, 2023 WL 7871347, at *3-4 (W.D. Mich. Nov. 16, 2023); *Johnson v. Haas*, No. 17-13538, 2023 WL 2776049, at *2-3 (E.D. Mich. Apr. 4, 2023).

Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice because the Court lacked jurisdiction to consider it when the petition was filed. The dismissal is without prejudice to Petitioner filing a new habeas petition to challenge his conviction.

## III. Certificate of Appealability

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court, however, will grant Petitioner a certificate of appealability should he choose to appeal this decision, in lieu of filing a new petition.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the Court concludes that it lacks jurisdiction over this case because Petitioner had not been resentenced when he filed the habeas petition, the court's opinion in *Douglas* shows that jurists of reason could decide this issue otherwise.  Accordingly, the Court grants Petitioner a certificate of appealability.

\* \* \*

For the reasons given, the Court ORDERS that the habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED.

s/Robert J. White_____  
Hon. Robert J. White  
United States District Judge

Dated: June 20, 2025